BRYAN SCHRODER
Acting United States Attorney

KELLY CAVANAUGH
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Kelly.cavanaugh@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:17-cr-00027-SLG-DMS |
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| WAHYU SANJOYO, A/K/A "MIKE," A/K/A, "KODIAK MIKE", | ) |
| Defendant. | ) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEE AND COSTS

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case. Counts 1 and 6, Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and Possession of Firearms in Furtherance of Drug Trafficking, a violation of 18 U.S.C. § 924(c)(1)(A). The defendant agrees to forfeit all firearms and money alleged in the forfeiture count of the indictment. The United States agrees to recommend a sentence within the U.S.S.G. range as calculated by the U.S. Probation Office. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the remaining counts as they relate to the defendant: Counts 2, 3, 4, 5, and 7.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS            Page 2 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 2 of 17

not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1: Possession of Controlled Substances with Intent to Distribute, a violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Count 6: Possession of Firearms in Furtherance of Drug Trafficking, a violation of Title 18 U.S.C. § 924(c)(1)(A).

### B. Elements

The elements of the charge(s) to which the defendant is pleading guilty are as follows:

Possession of Controlled Substances with Intent to Distribute

**1. The defendant possessed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine;**

**2. The defendant possessed it with the intent to distribute it to another person.**

Possession of Firearms in Furtherance of Drug Trafficking

**1. The defendant committed the crime of possession of controlled substances with intent to distribute;**

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS  Page 3 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 3 of 17

2. **The defendant knowingly possessed firearms;**

3. **The defendant possessed the firearms in furtherance of the crime of possession of controlled substances with intent to distribute.**

C. **Factual Basis**

The defendant admits the truth of the allegations in Count 1 and 6 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

On February 28, 2017, the defendant's residence was searched by law enforcement officers in Kodiak, Alaska. The defendant possessed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine inside the residence. The defendant intended to distribute that methamphetamine to others in Kodiak. The defendant also possessed cocaine, heroin, digital scales, drug packaging material, and several drug smoking devices. The defendant admitted that he distributed methamphetamine and heroin in Kodiak.

The defendant also possessed 31 firearms on February 28, 2017. The defendant possessed these firearms in furtherance of drug trafficking in Kodiak. For example, the defendant admitted that he had discharged a firearm in order to frighten another Kodiak drug dealer.

//

//

//

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS            Page 4 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 4 of 17

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: Possession with Intent to Distribute

1) Imprisonment: 5 to 40 years;

2) Fine: Maximum $5,000,000;

3) Supervised Release: 4 years to life;

4) Special Assessment: $100.

Count 6: Possession of Firearms in Furtherance of Drug Trafficking

1) Imprisonment: 5 years to life, consecutive to the term of imprisonment imposed on Count 1;

2) Fine: Maximum $250,000;

3) Supervised Release: 3 years;

4) Special Assessment: $100.

#### 2. Other Matters Affecting Sentence

##### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence:

1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term;

2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS          Page 5 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 5 of 17

of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1 ; and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E. Restitution

There is no restitution contemplated as part of this agreement.

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS            Page 6 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 6 of 17

F.  Forfeiture

The defendant admits the forfeiture allegation(s) of the Indictment in their entirety, including any substitute asset and money judgment provisions, and that the defendant's interest, if any, in the following property is subject to forfeiture to the United States:

1) Colt .45 caliber handgun, SN: 2785987;
2) Mossberg 560 shotgun, SN: P549407;
3) .22/.22 mag derringer, SN: 394221;
4) Pellet revolver, SN: 15BD180F08L49;
5) Smith & Wesson 9mm pistol, SN: TFM2413;
6) Sig Arms SP2022, .40 caliber, SN: 24B187650;
7) Phoenix Arms .22, SN: 4124698;
8) Jimenez Arms .380, SN: 338232;
9) Ruger Black Hawk .357 Mag, SN: 38-11751;
10) Smith & Wesson Air Weight .38 Special, SN: CPR0819;
11) Rock Island Armory .45 caliber, SN: RIA1245197;
12) Hakam 9mm pistol, SN: 1113399;
13) Walther PK380 .380 caliber, SN: 120953;
14) Browning BLR .243 caliber, SN: 03838RT127;
15) Sig Arms .40 caliber M2, SN: MC003237;
16) Winchester M1 Carbine, SN: 7840096;
17) Ruger 10/22 .22, SN: 82647508;
18) Ruger 10/22 .22, SN: 356-48866;
19) Windham Weaponry AR15 5.56 mm, SN: WW01849Z;
20) Rock River Arms AR15, .223 caliber, SN: AT1025706;
21) Ruger 10/22 .22, SN: 82287494;
22) Mossberg Maverick 88 12 gauge s/n MV366535
23) Colt Sauer rifle, .300 weatherby magnum, SN: CR-25117;

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS        Page 7 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 7 of 17

24) Remington 700 .30-06, SN: A6859106;
25) Noble model 60f 12 gauge shotgun, no serial number;
26) Ruger 10/22 .22, SN: 129-40097;
27) Browning Invector Plus 12 gauge shot gun, SN: F51NV04123;
28) Ruger Mini-14 .223 caliber, SN: 581-00525;
29) Browning Buckmark semi-auto .22 pistol, SN: 655NZ17735
30) SCCY Industries 9mm, SN: 270588;
31) Savage Axis .30-06, SN: H824560;
32) $5,000.00 United States currency;
33) $936.00 United States currency;
34) $199.25 United States currency; and
35) $5,000 United States currency.

The defendant agrees not to file a claim or withdraw any claim already filed to any of the above referenced property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. This agreement does not affect or limit the government's ability to initiate or complete any administrative or civil forfeiture action. It does not affect any forfeiture action already completed.

The defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above referenced property to the United States.

//

//

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS            Page 8 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 8 of 17

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS         Page 9 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 9 of 17

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The United States agrees to recommend a sentence within the U.S.S.G. range as calculated by the U.S. Probation Office. Otherwise, the parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS           Page 10 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 10 of 17

out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge. After the Court accepts the plea agreement and after sentencing, the United States will dismiss remaining counts 2, 3, 4, 5, and 7 as they relate to the defendant.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS    Page 11 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 11 of 17

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.    Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, any fines or restitution.

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS         Page 12 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 12 of 17

By waiving these rights, the defendant understands that the conviction(s) and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction(s) or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation in this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS          Page 13 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 13 of 17

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow, even if the defendant fails to enter a guilty plea pursuant to this agreement. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6).

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, WAHYU SANJOYO, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea(s).

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS        Page 14 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 14 of 17

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS          Page 15 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 15 of 17

that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts, 1 and 6 of the Indictment and admit the criminal forfeiture allegation.

DATED: 10-10-2017

WAHYU SANJOYO
Defendant

U.S. v. WAHYU SANJOYO
3:17-cr-00027-SLG-DMS            Page 16 of 17
Case 3:17-cr-00027-SLG   Document 23   Filed 10/24/17   Page 16 of 17

As counsel for the defendant, I have conveyed all formal plea offers, and I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 10-10-17

MICHAEL MOBERLY
Attorney for WAHYU SANJOYO

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 10/23/17

BRYAN SCHRODER
United States of America
Acting United States Attorney